UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 09 CR 814-10 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| DONALD SMOOT | ) |

## ORDER

Defendant Donald Smoot has moved the Court to reduce his sentence based on a recent amendment to the United States Sentencing Guidelines. For the reasons discussed below, the Court grants the motion [661] in part and reduces Defendant's sentence from 188 months to 140 months in prison.

## LEGAL STANDARD

Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) authorizes a court to reduce a defendant's sentence only when the Sentencing Guidelines range has changed and the defendant's existing sentence exceeds the low end of the newly calculated range. *See United States v. Guyton*, 636 F.3d 316 (7th Cir. 2011).

On April 30, 2014, the Sentencing Commission promulgated Amendment 782 which reduced the Guidelines applicable to the Drug Quantity Table by two levels. On July 18, 2014, the Commission voted to make Amendment 782 retroactive to previously sentenced defendants. The Amendment became effective on November 1, 2014. The Commission also specifically noted that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S. Sentencing Guidelines Manual § 1B1.10(e)(1) (2014).

## FACTUAL BACKGROUND

Defendant Smoot pled guilty to Count One of the Superseding Indictment pursuant to a written plea agreement. Specifically, he pled guilty to conspiring to possess with intent to distribute and to distribute heroin. On July 14, 2011, the Court sentenced Defendant to 188 months in the custody of the Bureau of Prisons. In sentencing Defendant, the Court found him responsible for approximately 5 kilograms of heroin. Defendant's base offense level therefore was a 34. He also received a two level enhancement for possession of a firearm, and a three level reduction for timely acceptance of responsibility. Defendant's combined offense level was 33, his criminal history category II, and his applicable guideline range was 151 to 188 months imprisonment.

## ANALYSIS

Defendant seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the 2008 Amendments to the Guidelines, namely, the amendment to Section 2D1.1. As noted above, Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As the Supreme Court explained in *Dillon v. United States*, 130 S.Ct. 2683, 2688 (2010), district courts must follow a two-step approach when determining whether a reduction is appropriate under Section 3582(c)(2):

> A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).

Following this two-step approach, a district court proceeding under § 3582(c)(2) does not Iimpose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (citations omitted.

"[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed, a district court's discretion to modify a sentence is an exception to [Section 3582's] general rule that 'the court may not modify a term of imprisonment once it has been imposed.'" *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009) ("Generally, district courts have limited power to revisit sentences after they are imposed.").

Given that the Court found Defendant responsible for more than 5 kilograms of cocaine, , Defendant's base offense level in this case is now 32. With the other enhancements applied at sentencing and the three level reduction for acceptance of responsibility, his new total adjusted offense level is 31. With a criminal history category of II, Defendant's new corresponding guideline range is 121 to 151 months in prison.

Reviewing the factors in Section 3553(a), a sentence of 140 months is sufficient but not greater than necessary to comply with the purposes behind those factors. Defendant was sentenced for a very serious offense – putting a significant amount of heroin on the streets of Chicago. He also played a role in protecting the sale of heroin for the drug operation. As part of his security role, Defendant carried a firearm to protect these sales. As Defendant notes, the Presentence Investigation Report determined that Defendant was not a leader and had no authority over any other participants in the conspiracy.

At the time Defendant carried out his violent role in the drug operation, he was almost 40 years old – certainly old enough to know better than to engage in such conduct. Significantly, at the time Defendant committed the offense at issue, he had two prior serious felony convictions, including one for which he received an 18 year sentence. Despite serving a lengthy sentence and despite his age, Defendant continued to engage in violent criminal acts. Given this behavior, Defendant's sentence must protect the public from further criminal activity by Defendant as well as afford adequate deterrence to him.

The Court also considers that Defendant completed the residential drug abuse program within the first five months of serving his sentence in this case. In addition, he has completed 175 hours of educational and vocational training programs over the past year. (R. 664.) These efforts demonstrate that Defendant is making efforts toward rehabilitation. The Court hopes he continues to take advantage of these educational and vocational opportunities while incarcerated so he can become a productive member of society when he is released.

Given these factors, the Court lowers Defendant's sentence to 140 months in the custody of the Bureau of Prisons. This sentence will also justly punish Defendant and provide respect for the law.

## CONCLUSION

For the reasons discussed above, the Court grants Defendant's motion in part.

Dated: June 10, 2015

AMY J. ST. EVE
**United States District Court Judge**